IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLORADO

| | |
|---|---|
| DANIEL SMITH, on behalf of himself and all others similarly situated, : : : : | COMPLAINT – CLASS ACTION |
| Plaintiff, : : | |
| vs. : : | DOCKET NO. _____ |
| GAIAM, INC., : : | JURY TRIAL DEMANDED |
| Defendant. : : | |

Daniel Smith ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, alleges as follows:

INTRODUCTION

1. This is a class action lawsuit brought on behalf of Plaintiff, individually, and on behalf of all similarly situated consumers who purchased an aluminum and/or stainless steel water bottle manufactured or sold by Defendant Gaiam, Inc. ("Gaiam" or "Defendant") as being "BPA-free," or otherwise not containing bisphenol A ("BPA") (the "water bottles").

2. Gaiam is one of the top sellers of reusable aluminum water bottles in the United States. Metal water bottles have become popular in recent years in light of rising concerns with BPA, a commonly used component in plastic water bottles. BPA has been linked to potential health problems, and has been banned from use in plastic containers in many areas.

3. Gaiam sought to capitalize on these concerns by aggressively marketing its water bottles as being "BPA-free." Gaiam's premium water bottles retail for between $12 and $15 per bottle.

4. Gaiam's affirmative claims that its water bottles were free of BPA were materially false and misleading. In or around October of 2009, Gaiam discretely inserted language into its marketing materials that acknowledges that its water bottles do, in fact, contain detectible levels of BPA. Aside from changing some of the language in the fine print of its marketing brochures, Gaiam has done nothing to inform consumers that the "BPA-free" water bottles that they purchased actually contain BPA.

5. The purpose of this action is to obtain appropriate relief for consumers who have purchased Defendant's water bottles. This includes, without limitation, an order requiring Gaiam to notify its purchasers that its previous representations that the water bottles were "BPA-free" were false, and provide consumers with an opportunity to receive appropriate restitution and/or obtain monetary damages.

## PARTIES

6. Plaintiff is a consumer that resides in Gainesville, Florida. Plaintiff purchased one of Gaiam's water bottles, believing that it did not contain BPA. Plaintiff has been injured as a result of Gaiam's wrongful conduct as described herein.

7.   Defendant Gaiam is a Colorado corporation that is headquartered at 833 West South Boulder Road in Louisville, Colorado, 80027. Shares of common stock issued by Gaiam are publicly traded on the NASDAQ Exchange under the ticker symbol "GAIA." For the year ended 2008, Gaiam recognized over $257 million in revenue.

## JURISDICTION AND VENUE

8.   This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5 million, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of states different than Defendants. *See* 28 U.S.C. § 1332(d)(2)(A).

9.   This Court has personal jurisdiction over Gaiam because it is incorporated in this state, and maintains its principal place of business in this judicial district.

10.   Venue properly lies in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the acts giving rise to Plaintiff's claims occurred in this district, and because Gaiam is headquartered and conducts substantial business in this judicial district.

## FACTUAL BACKGROUND

A.  **Defendant Gaiam.**

11. In its most recent form 10-K filed with the Securities and Exchange Commission, Gaiam describes itself as a "lifestyle media company providing a broad selection of information, media, products and services to customers who value personal development, wellness, ecological lifestyles, responsible media and conscious community." The company's target market includes consumers in the "LOHAS community," which stands for "Lifestyles of Health and Sustainability."

12. Gaiam operates a website, www.gaiam.com, through which it sells a variety of products, including organic scarves, sheets and bedding materials, outdoor fireplaces, gardening accessories, and the reusable water bottles at issue in this case. Gaiam also sells its products through online vendors and at retail stores such as Barnes & Noble, Borders, Best Buy, Blockbuster, Bed, Bath and Beyond, ABC Carpet and Home, Whole Foods Market, Dick's, Target, Wal-Mart, Amazon.com, Drugstore.com, Costco and Sam's Club.

B.  **Bisphenol A.**

13. BPA is an essential component in the manufacturing of plastic bottles. Domestic manufactures produce approximately seven billion pounds of BPA per year.

14. BPA has been linked to breast and prostate cancer, behavioral disorders, and reproductive health problems in laboratory animals. According to an

April 27, 2008 article in the *Washington Post*,[1] over 100 published studies by government scientists and university laboratories have raised health concerns related to BPA.

15. BPA, which is most readily absorbed through food and drink, reportedly appears to mimic the effects of estrogen, interfering with hormone levels and cell signaling systems. Previous studies have reportedly shown that people exposed to high levels of BPA have a greater risk of developing uterine fibroids, breast cancer, decreased sperm counts, and prostate cancer. Babies and children are thought to be at greatest risk from the exposure.

16. Certain states and cities have already issued statutes that ban certain uses of BPA. In May of 2009, for example, Chicago became the first city to ban the sale of baby bottles and "sippy" cups that contain BPA. Similarly, the Governor of Minnesota recently signed a bill that would restrict the sale of children's drinking products made with BPA. Canada has banned the import and sale of baby drinking bottles that contain BPA.

C. Gaiam Claims that its Water Bottles are "BPA-free."

17. In response to these widespread concerns and legislative initiatives, many manufacturers and retailers have aggressively moved to phase out products that contain BPA. For example, Toys R' Us and Wal-Mart have publicly taken steps to remove or eliminate certain products that contained BPA.

---

[1] Lyndsey Layton, *Studies on Chemical in Plastics Questioned*, WASHINGTON POST, April 27, 2008.

18. These concerns have also resulted in a corresponding spike in demand for products that contained no or low levels of BPA. It has been reported, for example, that the Babies 'R Us retail chain said that sales of BPA-free bottles have gone up fivefold between 2007 and 2008.

19. Gaiam sought to benefit from this emerging trend by aggressively marketing "BPA-free" water bottles. For example, as recently as the Spring 2009 catalog (the relevant portions of which are attached hereto as Exhibit A), Gaiam made the following claims concerning its water bottles:

> New Aluminum Water Bottles
> Our BPA-free aluminum bottle keeps your water clear and fresh, while keeping disposable water bottles out of landfills. Generous, 20-oz. size with ring-top screw cap (Grass features sports top). Choose from six new designs. 9 ¾" H x 2 ¾" diameter. China.

20. As set forth below, Gaiam's claim that its water bottles were "BPA-free" was materially misleading and false.

D.  **Gaiam Attempts to Correct its False Statements.**

21. In contrast to its Spring 2009 brochure, Gaiam's Fall 2009 brochure had a materially different description of the water bottles:

> New Aluminum Water Bottles
> Now in even fresher designs and colors, our exclusive aluminum bottles keep your water clear and fresh, while keeping disposable water bottles out of landfills. Generous, lightweight bottle with ring-top screw cap (Grass features sports top) is 100% recyclable.
> 750 ml. 9 ¾" H x 2 ¾" diameter. Hand wash. China.

22. Gaiam no longer contends that its water bottles are free of BPA. To the contrary, the "product story tab" associated with the water bottles now contains the following disclosures regarding BPA:

> Our aluminum and stainless steel water bottles also offer an alternative if you're concerned about exposure to Bisphenol-A (BPA). Single-use plastic water bottles and reusable plastic bottles made of certain types of hard polycarbonate plastic have been shown to leach toxins including BPA into the water inside the bottle under normal use and care conditions.
>
> Stainless steel is the best alternative to plastic. **See our comparison chart** » for more on the pros of stainless steel compared to other water bottle materials.
>
> **Aluminum** offers a lighter weight and more affordable option, and we take careful steps to ensure that our aluminum water bottles provide a safer alternative to plastic:
> - The internal surface of our aluminum water bottles is coated with a thin, food-grade epoxy resin that meets U.S. Food & Drug Administration (FDA) 175.300 requirements for toxic elements in foodware. (This lining is neither required nor industry standard for stainless steel bottles.)
> - We also asked our water bottle manufacturer to comprehensively test our aluminum bottles for BPA, using industry-standard test methods. No detectable levels of BPA were found in the gasket, the cap or the coating material in testing under normal use and care conditions.
> - While there is no government or industry standard in place for BPA levels acceptable in food and beverage containers, our aluminum and stainless steel water bottles are compliant with all existing federal government rules for food and beverage containers.
> - We also took additional steps to help ensure your safety via independent laboratory tests that go well beyond FDA requirements. An independent lab subjected our aluminum water bottles to continuous extreme heat — nearly 200 degrees Fahrenheit — in an environmental chamber for three days while the bottles were filled with water. Under these extreme conditions, a trace amount of BPA (23.8 parts per billion) was

detected in the water inside the bottle. This test was performed under conditions outside the normal use and care conditions we recommend on our product packaging and shopping website. For example, we explain that the bottle should not be washed in a dishwasher or filled with any hot liquids.

23. To put Gaiam's troubling revelation in perspective, another well known metal water bottle manufacturer, SIGG, recently disclosed that its water bottles contained trace amounts of BPA. In particular, the 23.8 ppb level of BPA that Gaiam acknowledges has been found in its water bottles is approximately ten times larger than the levels of BPA that SIGG reported in its bottles. Nevertheless, SIGG has launched a website where it clearly acknowledges and explains this issue, and has provided consumers with an opportunity to participate in a voluntary exchange program.[2] Gaiam has done nothing aside from cleverly inserting new language in the product descriptions for its water bottles.

## CLASS ACTION ALLEGATIONS

24. This action is brought on behalf of Plaintiff, individually and as a class action, pursuant to FED. R. CIV. P. 23(a), 23(b)(2), and 23(b)(3) on behalf of all consumers who have purchased one or more stainless steel water bottles(s) manufactured or sold by Gaiam, and which were touted as "BPA-free," or otherwise not containing BPA. The Class does not include Defendant, or its officers, directors, agents, or employees. Specifically, Plaintiff seeks to represent the following classes (collectively, the "Classes"):

---

[2] *See* http://mysigg.com/bulletin/exchange_program.html.

> All persons in the United States who purchased one or more stainless steel water bottles(s) manufactured or sold by Gaiam, and which were touted as "BPA-free," or otherwise not containing BPA (the "Nationwide Class").
>
> All persons in Florida who purchased one or more stainless steel water bottles(s) manufactured or sold by Gaiam, and which were touted as "BPA-free," or otherwise not containing BPA (the "Florida Class").
>
> All persons in Colorado who purchased one or more stainless steel water bottles(s) manufactured or sold by Gaiam, and which were touted as "BPA-free," or otherwise not containing BPA (the "Colorado Class").

25. Upon information and belief, each of the Classes are comprised of thousands of consumers, the joinder of whom in one action is impracticable. Disposition of all of these claims in a class action will provide substantial benefits to both the parties and the Court.

26. The rights of each member of the Classes were violated in a similar fashion based upon Defendant's uniform actions and misrepresentations concerning whether the water bottles were actually BPA free.

27. Questions of law and fact common to the Class predominate over questions which may affect individual Class members, and include the following:

    a. Whether Defendant has breached its contracts with members of the Class.

    b. Whether Defendant has violated the consumer protection statutes asserted herein.

  c.  Whether Defendant has been unjustly enriched, at the expense of Plaintiff and members of the Classes.

  d.  Whether Defendant made false or misleading statements concerning the presence of BPA in the water bottles.

  e.  If so, whether Defendant should be required to notify members of the Class of these false statements, or be required to take other appropriate curative measures.

  f.  The nature of the appropriate relief to award to Plaintiff and Class members.

28. Plaintiff will fairly and adequately represent and protect the interests of the Class in that he has no interest that is antagonistic to or that irreconcilably conflicts with the interests of other members of any of the Class. Like all of the Class members, Plaintiff purchased a water bottle, and was injured as a result of Defendant's misconduct.

29. Plaintiff has retained counsel competent and experienced in the prosecution of class action litigation.

30. A class action is superior to all other available methods for the fair and efficient adjudication of Plaintiff's and the Class Member's claims. Plaintiff and the members of the Classes have suffered irreparable harm as a result of Defendant's deceptive and unlawful conduct. The damages suffered by an individual Class member may be relatively small, and thus few, if any individual class members can

afford to seek legal redress on an individual basis for the wrong complained of herein. Indeed, the water bottles cost up to approximately $15 each, yet the filing fee in a district court is $350. Absent a class action, Plaintiff and members of the Class will continue to suffer losses as a result of Defendant's unlawful conduct, and will not be adequately protected and compensated therefore.

31. Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the Class, thereby making appropriate equitable relief with respect to Plaintiff and the Class as a whole.

## VIOLATIONS ALLEGED

### COUNT I – BREACH OF CONTRACT
*(On behalf of the Nationwide Class, or, alternatively, each of the Classes)*

32. Plaintiff incorporates the allegations in the preceding paragraphs as if set forth at length herein.

33. Plaintiff and Class Members had a contract with Gaiam to receive water bottles that, *inter alia,* did not contain BPA.

34. Plaintiff and Class members performed their contractual obligations by paying for their water bottles.

35. Defendant Gaiam breached the contract because the water bottles do, in fact, contain BPA.

36. Plaintiff and Class Members have been injured as a result of Defendant's breach of the contract.

## COUNT II – UNJUST ENRICHMENT
*(On behalf of the Nationwide Class, or, alternatively, each of the Classes)*

37. Plaintiff incorporates by reference the allegations of all of the foregoing paragraphs as if such had been set forth in full herein. This claim is plead in the alternative to the breach of contract claim.

38. Plaintiff and Class Members conferred a tangible economic benefit upon Defendant. Plaintiff and Class Members would have expected remuneration from the Defendant at the time this benefit was conferred had they known that, the "BPA-free" water bottles that they were buying actually contained BPA.

39. Failing to require Defendant to provide remuneration under these circumstances would result in it being unjustly enriched at the expense of Plaintiff and members of the Classes.

40. Defendant has been and continues to be unjustly enriched at the expense of Plaintiff and Class Members.

41. Defendant's retention (without an offsetting return payment) of the benefit conferred upon it by Plaintiff and members of the Classes would be unjust and inequitable.

### COUNT III - VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
(*On behalf of the Florida Class*)

42. Plaintiff incorporates the allegations in the preceding paragraphs. This claim is asserted on behalf of those Class members that reside in the State of Florida.

43. Florida state law prohibits deceptive and unfair trade practices.[3]

44. Plaintiff and putative Class Members are consumers.

45. Defendant's acts and practices described herein (*i.e.*, marketing water bottles as being "BPA-free" when they were not) were directed at consumers, and were made in the conduct of trade and commerce.

46. Defendant's acts and practices described herein were misleading in a material way, were deceptive and unfair, and were likely to mislead consumers.

47. Plaintiffs and Class members have been aggrieved and have suffered an injury (including actual damages) as a result of Defendant's deceptive practices.

### COUNT IV- VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT
(*On behalf of the Nationwide Class, or, alternatively, the Colorado Class*)

48. Plaintiff incorporates the allegations in the preceding paragraphs. This claim is asserted on behalf of those Class members that reside in the State of Florida.

---

[3] *See* FLA. STAT. § 501.201, *et seq.*

49. Colorado state law prohibits deceptive and unfair trade practices.[4]

50. Plaintiff and putative Class Members are consumers.

51. Defendant's acts and practices described herein (*i.e.,* marketing water bottles as being "BPA-free" when they were not) were directed at consumers.

52. Defendant's acts and practices described herein were misleading in a material way, and constitute a deceptive act that is likely to mislead consumers. Defendant engaged in these unfair and deceptive trade practice in the course of its business. Its conduct significantly impacted the public as actual or potential consumers of the water bottles.

53. Plaintiffs and Class members have been aggrieved and have suffered an injury to a legally protected interest as a result of Defendant's violation of the Colorado Consumer Protection Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually on behalf of and all others similarly situated, respectfully requests that this Court enter an Order:

(a) certifying this matter as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as class representative, and designating Plaintiff's counsel as class counsel;

(b) granting an award against Defendant for actual, statutory, treble, punitive, and/or compensatory damages to the extent permissible;

---

[4] *See* COL. REV. STAT. § 6-1-101, *et seq.*

(c) enjoining Defendant from continuing its unfair and/or deceptive conduct, and issuing an order that requires Defendant to affirmatively and meaningfully notify members of the Classes that the water bottles do contain BPA, and provide consumers with an opportunity to make an appropriate exchange and/or to receive a refund;

(d) awarding reasonable attorneys' fees and costs of litigation to Plaintiff; and

(e) providing for such other legal and/or equitable relief as justice Requires.

## JURY DEMAND

Plaintiff, on behalf of himself and the putative Class, demands a trial by jury on all issues so triable.

Dated: October 28, 2009         Respectfully submitted,

By:  *Tracy D. Rezvani*  .
     Tracy D. Rezvani
     Halley F. Ascher
     Karen J. Marcus
     FINKELSTEIN THOMPSON LLP
     1050 30th Street, N.W.
     Washington, D.C. 20007
     Telephone: (202) 337-8000
     Facsimile: (202) 337-8090
     trezvani@finkelsteinthompson.com
     hascher@finkelsteinthompson.com
     kmarcus@finkelsteinthompson.com

     Joseph G. Sauder (PA ID 82467)
     Matthew D. Schelkopf (PA ID 89143)

Benjamin F. Johns (PA ID 201373)
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
JosephSauder@chimicles.com
matthewschelkopf@chimicles.com
BFJ@chimicles.com

Christopher G. Hayes (PA ID No. 57253)
LAW OFFICE OF CHRISTOPHER G. HAYES
225 South Church Street
West Chester, PA 19382
610-431-9505 (phone)
610-431-1269 (fax)
chris@chayeslaw.com

**ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASSES**