# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  09-CV-2545-WYD-BNB

DANIEL SMITH, on behalf of himself and others similarly situated,

    Plaintiff,

v.

GAIAM, INC.,

    Defendant.

**PROTECTIVE ORDER**

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information, privileged information, or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED as follows:

**A.    Definitions.**

    1.    As used in this Protective Order, the term "Document" shall include any writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained.  *See* Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

    2.    The term "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made there from and designated by a Producing Party in the

manner provided in Section B below as containing non-public competitively sensitive commercial information, including, but not limited to, trade secrets or other confidential research, development, commercial, or financial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and the cases so construing them. In addition, a party may designate as confidential any materials or testimony containing Confidential Information of that party which are produced in this action by non-parties pursuant to discovery demands or subpoenas.

3. The term "Producing Party" means the party or person that is producing Confidential Information subject to this Protective Order.

4. The term "Qualified Persons" means: (i) outside counsel for the parties (including members or associates of such counsel's firm) or in-house counsel for the parties, as well as their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this litigation; (ii) outside photocopying, data processing, or graphic production services employed by the parties or their counsel to assist in this litigation; (iii) any outside expert or consultant (or any such employee of such outside expert or consultant) who is retained by counsel for the purposes of consulting and/or testifying in this litigation who have agreed, prior to the disclosure of the Confidential Information, to be bound by this Protective Order by signing a declaration in the form of Exhibit A; (iv) any person who authored or received the particular material sought to be disclosed to that person or who is a current employee of the Producing Party; (v) any person previously disclosed as a trial or deposition witness who counsel for the party has a good faith belief needs to know such information for purposes of testifying in this litigation who have agreed to be bound by this Protective Order

by signing a declaration in the form of Exhibit A; (vi) any other person not otherwise described in paragraph 4 who during their testimony in this matter, either at deposition or trial, as to whom the examining counsel has a good faith belief that the witness possesses relevant information with respect to the content of the Confidential material sought to be disclosed to that person; (vii) any court or court officials in connection with this action (including court reporters or persons operating audio or video reporting equipment at depositions); (viii) any mediator and his or her staff; (ix) any other person to whom the party producing the Confidential Information agrees to in advance of the disclosure; (x) parties (including the officers, directors, employees, agents, and representatives of a party or their affiliates); and (xi) potential fact witnesses in the action to whom disclosure is reasonably necessary and who have agreed to be bound by this Protective Order by signing a declaration in the form of Exhibit A.

**B.        Producing and Designating Confidential Information.**

Where Confidential Information is produced, provided or otherwise disclosed by a Producing Party in response to any discovery request, it will be designated in the following manner:

(a)     In the case of any document or material produced, by imprinting the word "Confidential" on each page;

(b)     In the case of any response to an interrogatory or request for admission, by imprinting the word "Confidential" next to or above each response; and

(c)     With respect to deposition transcripts, within thirty (30) days after receiving a final deposition transcript, each party shall inform (by specific page and line reference) the other parties of the portions of the transcript to be designated "Confidential." Before such designation or expiration of the thirty (30) day period, the entire deposition

transcript shall be deemed "Confidential."  Such designated portions shall be subject to the terms of this Protective Order.  If no designation of Confidential Information is made by counsel for the deponent within thirty (30) days after receipt of the final transcript, the transcript (but not deposition exhibits already marked as Confidential) shall be considered not to contain any Confidential Information.

    2.  All Confidential Information provided by a Producing Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

      (a)  It shall be used only for the purpose of this litigation, including any appeal(s), and not for any business or other purpose whatsoever, although if such information is properly obtained independently, it may be used for any reason in any future proceeding or litigation;

      (b)  It may be disclosed, pursuant to the procedures herein, by persons other than the Producing Party only to "Qualified Persons" as defined herein.

      (c)  It shall not be communicated or disclosed by any party's counsel or a party in any manner, either directly or indirectly, to any person other than those persons identified in paragraph 4 above, except for purposes of this case and unless a declaration in the form of Exhibit A has been signed by the person who is to receive the Confidential Information;

      (d)  At the request of any party, attendance at depositions may be restricted to Qualified Persons and the attorney(s) for the deponent during the disclosure of Confidential Information.

(e) Nothing in this Protective Order shall restrict the right of a Producing Party to disclose to any person information which that party itself designates as Confidential.

3. Persons authorized to receive or review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by this Order or other court Order. Nothing in this Protective Order shall prevent any party who has received Confidential Information pursuant to this Order from producing such Confidential Information in response to a lawful subpoena or other compulsory process; provided that any person receiving such subpoena or process shall as soon as reasonably practical give written notice thereof to the counsel for the Producing Party and shall furnish such counsel with a copy of the subpoena or other compulsory process.

4. The party's counsel who discloses Confidential Information shall take reasonable steps to assure compliance with the terms of this Protective Order by persons to whom such Confidential Information is disclosed and shall obtain and retain the original declarations signed by qualified recipients of Confidential Information, and shall maintain a list of all persons who signed such declarations. Provided, however, that the list of people who sign the declarations shall not be discoverable by the opposing party absent a showing of good cause.

**C.        Challenges to Confidentiality Designations.**

Acceptance by a party of any information, document, or item designated as Confidential shall not constitute a concession that the information, document, or thing is in fact Confidential

Information. Either party may contest a claim of confidentiality. If the receiving party disagrees with the designation of any material as confidential, the receiving party shall request, in writing, that the designation be changed by the Producing Party. If agreement cannot be reached by counsel, the dispute may be presented by the designating party to the Court by motion or otherwise. The burden of establishing confidentiality shall be on the Producing Party that has designated the information as confidential. Upon a motion for protective order, the material in dispute shall be treated by the parties as "Confidential Information" until the Court rules that the material is not "Confidential Information" and until the party opposing such ruling has been allowed fifteen (15) days to move for a stay of the Court's decision pending appeal.

**D. Filing Confidential Information Under Seal.**

Unless otherwise ordered by the Court, in the event Confidential Information is used in any court filing or proceeding in connection with this action, ~~including but not limited to its use at trial,~~ it shall not lose its confidential status as between the parties through such use. If, prior to trial, counsel for a non-Producing Party desires to file any Confidential Information or documents containing, reflecting or referring to Confidential Information with the Court, such filing shall be accompanied by a motion to seal pursuant to D.C.COLO.LCivR 7.2, which shall be served upon counsel for the Producing Party. Pursuant to D.C.COLO.LCivR 7.2(F) and (G), a proposed filing under seal will be submitted under seal until the motion to seal is decided by a judicial officer. ~~Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be maintained "under seal" or otherwise continuously kept out of the public record in this action, however, unless otherwise requested~~

~~and ordered by the Court, or subject to Fed. R. Civ. P. 72(a) concerning objections relating to non-dispositive matters.~~ Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in D.C.COLO.LCivR 7.2. Notwithstanding the provisions of this paragraph, no party shall be under any obligation to assent to any motion to seal filed by another party or non-party.

**E.    Inadvertent Productions; Miscellaneous Provisions.**

The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

The agreement of the parties to this Protective Order shall not be construed as an agreement or admission: (i) that any information or document designated as Confidential Information is, in fact, Confidential or that any information or document designated as Confidential Information is entitled to all of the protections provided herein; (ii) as to the correctness or truth of any allegation made or position taken relative to any matter designated as Confidential Information; or (iii) as to the authenticity, admissibility, competency, relevance or materiality of any document or thing designated as Confidential.

The inadvertent failure to designate any document as Confidential Information shall not constitute a waiver of any such subsequent designation. Upon written notice of the inadvertent failure to designate such document as Confidential Information provided to the receiving party, the Producing Party shall immediately provide a new copy of each such newly designated

7

document that is stamped on each page with the legend "Confidential" or a substantially similar legend, and the receiving party shall henceforth treat such documents as Confidential Information and make reasonable efforts to request return of the documents from any person given access to the documents who is not covered by paragraph 3.

1. If a Producing Party, through inadvertence, produces any document or information that it, he, or she believes is immune from discovery pursuant to any attorney-client privilege, attorney work product immunity, or any other privilege or immunity from production, such production shall not be deemed a waiver, and the Producing Party may give written notice to all receiving parties that the document or information so produced is deemed privileged and that return of the document or information is requested. Upon receipt of such written notice, all receiving parties shall immediately undertake to gather the original and all copies of the document or information and shall immediately return the original and all such copies to the Producing Party or certify in writing the destruction thereof without examining the contents of the documents

2. A party's counsel ("Receiving Lawyer") who receives documents from a Producing Party or that party's counsel ("Sending Lawyer"), which on their face appear to be privileged or confidential, shall notify the Sending Lawyer of their receipt immediately after recognizing their privileged or confidential nature, unless the Receiving Lawyer knows that the adverse party has intentionally waived privilege and confidentiality. The Sending Lawyer shall then have the affirmative duty to provide written notice requesting the return of the documents within fifteen (15) days after receiving notification from the Receiving Lawyer. Upon receipt of such written notice, the Receiving Lawyer shall immediately return the

original and all such copies to the Producing Party or certify in writing the destruction thereof without examining the contents of the documents.

3. Any non-party who consents to be bound by the terms and conditions of this Protective Order shall have the right to designate documents or information in their possession as Confidential Information under this Protective Order.

4. Within sixty (60) days after the termination of this litigation, including any appeals, each party's counsel shall (i) return to the Producing Party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made there from, or (ii) destroy such materials and, upon request, certify to the Producing Party's counsel in writing as to such destruction, except that parties and their counsel may retain copies of pleadings, briefs, and papers filed with the Court that contain such materials, transcripts and exhibits, and documents reflecting attorney work-product, so long as such materials are maintained in accordance with the provisions of this Protective Order.

5. The provisions of this Protective Order shall survive the final termination of this dispute.

6. Nothing in this Protective Order shall be construed as a waiver by any party of its right to object to the subject matter of any request for production of documents in this action, nor as a waiver by any other party of the first party's obligation to make proper response to discovery requests.

7. Nothing in this Protective Order shall be construed as a waiver by any party of any objections that might be raised as to admissibility at trial of any evidentiary materials.

8. It is not the intent of the parties, nor of the Court, that an attorney or law firm that acquires knowledge of, or is given access to, Confidential Information pursuant to this Protective Order should thereby be disqualified from other representations adverse to the Producing Party solely because of such knowledge or access.

9. Nothing in this Protective Order shall preclude any party from filing a motion seeking to modify this Order or seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial. No modification of this Protective Order that adversely affects the protection of any document produced or given by a non-party in this case shall be made without giving to that non-party appropriate notice and opportunity to be heard by the Court.

10. The parties agree to be bound by the terms of this Protective Order upon signing by counsel for each of the parties.

Dated March 3, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

STIPULATED TO AND APPROVED AS TO FORM this 2nd day of March, 2010.

s/ *Tracy D. Rezvani*
Tracy D. Rezvani
FINKELSTEIN THOMPSON LLP
1050 30th Street N.W.
Washington, DC 20007
Telephone: (202) 337-8000
trezvani@finkelsteinthompson.com

Joseph G. Sauder
Benjamin F. Johns
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
jgs@chimicles.com
bfj@chimicles.com

Charles Walter Lilley
CHARLES LILLEY & ASSOCIATES, P.C.
1600 Stout Street, #1100
Denver, CO 80202
Telephone: (303) 293-9800
clilley@lilleylaw.com

*Attorneys for Plaintiff*

s/ *Richard B. Benenson*
Richard B. Benenson
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202-4432
Telephone: 303.223.1100

Facsimile: 303.223.1111

rbenenson@bhfs.com
beutermoser@bhfs.com

*Attorneys for Defendant Gaiam, Inc.*