IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Wiley Y. Daniel

Civil Action No. 09-cv-02545-WYD-BNB

DANIEL SMITH, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

GAIAM, INC.,

    Defendant.

---

Civil Action No.  10-cv-00544-WYD-BNB

ERINN TOZER, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

GAIAM, INC.,

    Defendant.

---

ORDER GRANTING PRELIMINARY
APPROVAL TO THE STIPULATION OF SETTLEMENT

---

WHEREAS, the Plaintiffs and Defendant have entered into a Stipulation of Settlement (the "Stipulation") intended to resolve the litigation pending in this Court; and

WHEREAS, the Stipulation, together with the supporting materials, set forth the terms and conditions for a proposed Settlement and dismissal with prejudice of these actions against the Defendant; and

WHEREAS, the Court has before it the Parties' Motion for Preliminary Approval

of Settlement and Provisional Settlement Class Certification, together with the Stipulation and supporting materials; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Stipulation were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendant.

IT IS HEREBY ORDERED AS FOLLOWS:

1. Capitalized terms used in this Order have the meanings assigned to them in the Stipulation.

2. The terms of the Parties' settlement as set forth in the Stipulation are hereby conditionally approved, subject to further consideration thereof at the Final Approval Hearing provided for below. The Court finds that said Settlement is sufficiently within the range of reasonableness and that notice of the proposed Settlement should be given as provided in this Order and the Stipulation.

3. Pursuant to Federal Rule of Civil Procedure 23, the Court conditionally certifies the following Settlement Class:

Settlement Class:

> All Persons who purchased an Aluminum Water Bottle manufactured by or on behalf of Gaiam, or sold by Gaiam or resellers of Gaiam's products, prior to October 1, 2010. Excluded from the Class are Gaiam, its employees, members of their immediate families, any entity in which any Gaiam has a controlling interest, and the legal representatives, heirs, successors, or assigns of any such excepted Person.

4. The Court further conditionally finds that Plaintiffs Daniel Smith and Erinn Tozer are adequate class representatives for the Settlement Class.

5. The Court further finds that Plaintiffs' Counsel are adequate class counsel.

6. The Court approves the Claim Form (Exhibit A to the Stipulation), Class Notice (Exhibit B to the Stipulation), Short Form Notice (Exhibit C to the Stipulation), and Postcard Notice (Exhibit E to the Stipulation). The Court also approves the Notice Program as set forth in Exhibit D to the Stipulation.

7. If the Stipulation is terminated or not consummated for any reason whatsoever, the conditional certification of the Settlement Class shall be void, the Defendant shall have reserved all of its rights to oppose any and all class certification motions, to contest the adequacy of Plaintiffs as representative of any putative class, to contest the merits of Plaintiffs' claims, and to contest the adequacy of Plaintiffs' Counsel as adequate class counsel. Additionally, Plaintiffs reserve all of their rights, including the right to continue with the litigation pending at the time of the Settlement should the Stipulation not be consummated and/or receive final approval from this Court.

Notice to Settlement Class

8. Counsel for the Class ("Class Counsel") are as follows:

Joseph G. Sauder
Benjamin F. Johns
CHIMICLES & TIKELLIS LLP
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041

Edward M. Gergosian
Robert J. Gralewski, Jr.
GERGOSIAN & GRALEWSKI LLP
750 B Street
Suite 1250
San Diego, CA 92101

Charles Walter Lilley
CHARLES LILLEY & ASSOCIATES, P.C.
1600 Stout Street

Denver, CO 80202

Christopher G. Hayes
LAW OFFICE OF CHRISTOPHER G. HAYES
225 South Church Street
West Chester, PA 19382

Tracy D. Rezvani
FINKELSTEIN THOMPSON, LLP
1050 30th Street, N.W.
Washington, DC 20007

Michael J. Flannery
CAREY & DANIS LLC
8235 Forsyth Blvd., Suite 1100
St. Louis, Missouri 63105

9. Beginning no later than thirty (30) days from the date of this Order Granting Preliminary Approval to the Stipulation of Settlement, Class Counsel shall cause to be disseminated the Claim Forms and Class Notices and/or the Postcard Notices, substantially in the form attached as Exhibits A, B, and E to the Stipulation, in the manner set forth in Exhibit D to the Stipulation. Such Notice Plan will be completed expeditiously pursuant to the terms of the Stipulation. Class Members will have forty-five (45) days from the Notice Date to opt-out, ninety (90) days from the Notice Date to object, and one hundred twenty (120) days from the Notice Date to file claims. Prior to the Final Approval Hearing, Plaintiffs shall serve and file a sworn statement attesting to compliance with the provisions of this paragraph.

10. The Notice Program set forth in Exhibit D to the Stipulation is hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons and entities affected by and/or

entitled to participate in the Settlement, in full compliance with the notice requirements of Federal Rule of Civil Procedure, due process, the Constitution of the United States, the laws of Colorado, and all other applicable laws. The Class Notices, Postcard Notices, and Short Form Notice are accurate, objective, informative, and provide Class Members with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

Requests for Exclusion from the Settlement Class

12. Any member of the Settlement Class that wishes to be excluded ("opt out") from the Settlement Class must send a written Request for Exclusion to Class Counsel or counsel for Defendant at the address indicated in the Notice and Stipulation on or before the Opt-Out Deadline. The Request for Exclusion shall fully comply with the requirements set forth in the Stipulation. Members of the Settlement Class may not exclude themselves by filing Requests for Exclusion as a group or class, but must in each instance individually and personally execute a Request for Exclusion and timely transmit it to Class Counsel.

13. Any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class shall be bound by all the terms and provisions of the Stipulation, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the Exchange Program pursuant to the Stipulation.

The Final Approval Hearing

14. The Court hereby schedules a final approval hearing on **Tuesday, April 5,**

**2011, at 9:00 a.m.**, in courtroom A-1002, to consider the fairness, reasonableness, and adequacy of the proposed settlement, the dismissal with prejudice of this class action with respect to the Defendant herein and all other Released Parties, and the entry of final judgment in this class action. Class Counsel's application for award of attorney's fees and costs and request for the Court to award incentive awards to the two named plaintiffs shall be heard at the time of the hearing.

    15.    The date and time of the hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class, other than that which may be posted by the Court. Class Counsel will advise members of the Settlement Class of any scheduling issues by way of the Settlement Website.

    16.    Any person or entity that does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his or her own attorney. Settlement Class Members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

    17.    Any person who does not elect to be excluded from the Settlement Class may, but need not, submit comments or objections to the proposed Settlement. Any Class Member may object to the proposed Settlement, entry of Final Order and Judgment approving the Settlement, and Class Counsel's application for fees and expenses, and/or incentive award requests, by serving a written objection upon Class Counsel, counsel for Defendant, and the Court.

    18.    Any Class Member making the objection (an "objector") must sign the objection personally. An objection must state why the objector objects to the proposed Settlement and provide the basis to support such position. If an objector intends to

appear personally at the hearing, the objector must include with the objection a notice of the objector's intent to appear at the hearing.

19. Objections, along with any notices of intent to appear, must be filed no later than ninety (90) days from the Notice Date. If counsel is appearing on behalf of more than one Class Member, counsel must identify each such Class Member, and each Class Member must have complied with the requirements of this Order. These documents must be filed with the Clerk of the Court at the following address:

> U.S. District Court for the District of Colorado
> Office of the Clerk of Court
> 901 19th Street
> Denver, Colorado 80294

20. Objections, along with any notices of intent to appear, must also be mailed to Class Counsel and counsel for Defendant at the address listed below:

> <u>CLASS COUNSEL</u>:
>
> Joseph G. Sauder
> Benjamin F. Johns
> CHIMICLES & TIKELLIS LLP
> One Haverford Centre
> 361 West Lancaster Avenue
> Haverford, PA 19041
> Telephone: (610) 642-8500
> Facsimile: (610) 649-3633
>
> DEFENSE COUNSEL:
>
> Richard B. Benenson
> BROWNSTEIN HYATT FARBER SCHRECK, LLP
> 410 Seventeenth Street, Suite 2200
> Denver, Colorado 80202-4437

21. Only Class Members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Class

Member who does not timely file and serve an objection in writing to the Settlement, entry of Final Judgment, or Class Counsel's application for fees, costs, and expenses, and/or incentive award requests for the named plaintiffs, in accordance with the procedure set forth in the Class Notice and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

22. Persons wishing to be heard at the hearing are required to file written comments or objections and indicate in their written comments or objections their intention to appear at the hearing. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

23. All members of the Settlement Class who do not personally and timely request to be excluded from the Class are enjoined from proceeding against the Defendant for the claims made in the Complaint.

Other Provisions

24. Upon approval of the Settlement provided for in this Stipulation, each and every time period and provision thereof shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

25. All reasonable costs incurred in notifying members of the Settlement Class, as well as administering the Stipulation, shall be paid as set forth in the Stipulation.

26. For purposes of computing any deadline or date related to the Stipulation, all weekends and holidays are to be included in the computation; provided, however, that if the last day of a specified time period falls on a weekend or federal holiday, then the last day of that period shall be the next following day that is not a weekend or

federal holiday.

Dated: October 27, 2010

                                    BY THE COURT:

                                    <u>s/ Wiley Y. Daniel</u>
                                    Wiley Y. Daniel
                                    Chief United States District Judge