IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-02545-WYD-BNB

DANIEL SMITH, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

GAIAM, INC.,

    Defendant.

---

Civil Action No. 10-cv-00544-WYD-KMT

ERINN TOZER, on behalf of herself and all others similarly situated,

    Plaintiff,

V.

GAIAM, INC.,

    Defendant.

---

**ORDER GRANTING FINAL APPROVAL TO THE SETTLEMENT AGREEMENT**

---

WHEREAS, the Plaintiffs and Defendant have entered into a Settlement Agreement intended to resolve the litigation pending in this Court.

WHEREAS, the Settlement Agreement, together with the supporting materials, set forth the terms and conditions for a proposed Settlement and dismissal with

prejudice of these actions against the Defendant.

WHEREAS, on October 27, 2010, this Court granted preliminary approval to the Parties' Settlement Agreement.

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement are fair, reasonable and adequate.

WHEREAS, the Court is satisfied that members of the Class received notice of the settlement in a manner that satisfied FED. R. CIV. P. 23, due process, and other applicable requirements.

WHEREAS, the Court has considered the Parties' motion and supporting memorandum seeking final approval of the Settlement. The Court has also considered the objections filed to the Settlement by Class members.

WHEREAS, the Court held a final fairness hearing on April 5, 2011. It is

ORDERED that:

1. Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement.

2. The terms of the Parties' Settlement Agreement are hereby granted final approval. The Court finds that said Settlement is fair, reasonable and adequate within the meaning of FED. R. CIV. P. 23(e). Specifically, the Court finds that the Settlement was honestly and fairly negotiated; that serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; that the value of the immediate recovery made available under the Settlement outweighs the mere possibility of future relief after protracted and expensive litigation; and that the Parties' judgment that the Settlement is

fair and reasonable is entitled to due consideration.

3. Pursuant to FED. R. CIV. P. 23, and for purposes of settlement only, the Court certifies the following Class:

> All persons who purchased an Aluminum Water Bottle manufactured by or on behalf of Gaiam, or sold by Gaiam or resellers of Gaiam's products, prior to October 1, 2010. Excluded from the Class are Gaiam, its employees, members of their immediate families, any entity in which Gaiam has a controlling interest, and the legal representatives, heirs, successors, or assigns of any such excepted Person.

4. The Court finds that common questions of fact and law exist in this case, which predominate over any individual issues; that a class action is the superior method by which to resolve this case; and that the class is sufficiently numerous to make joinder impracticable.

5. The Court further concludes that Plaintiffs Daniel Smith and Erinn Tozer are adequate Class Representatives for the Settlement Class, and have claims that are typical of those possessed by Settlement Class members.

6. The Court further finds that Plaintiffs' Counsel are adequate Class Counsel.

7. The Class Notice is found to be the best practicable means of providing notice under the circumstances and provided notice of the Settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of FED. R. CIV. P. 23, due process, the Constitution of the United States, the laws of Colorado and all other applicable laws.

8. The following Class members filed timely requests for exclusions and,

therefore, shall not be bound by the Settlement:

| NAME | LOCATION |
|---|---|
| Heather Kirton | Sturgis, KY |
| Martha Templeton | Anthony, KS |
| Susan Longchamp | Barre, VT |
| Suzanne Capizzano | Jaffrey, NH |

9. All other members of the Settlement Class shall be bound by all the terms and provisions of the Settlement Agreement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the Exchange Program pursuant to the Settlement Agreement.

10. All reasonable costs incurred in notifying members of the Settlement Class, as well as administering the Settlement Agreement, shall be paid as set forth in the Settlement Agreement.

11. For the foregoing reasons, the Parties' motion seeking final approval of the Settlement is **GRANTED**, and this action is hereby **DISMISSED WITH PREJUDICE**.

Dated:  April 6, 2011

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge